Van Vorst, J.
In this action two causes are improperly united:
One growing out of an arrangement made with Foster as the agent of the American Newspaper Union, and the other as agent of “A. N. Kellogg’s List.”
*101 There is no statement connecting “Kellogg’s List,” with the American Newspaper Union. For all that appears, they are entirely separate and distinct organizations. The American Newspaper Union is not liable for any damage incident to a breach of any agreement between plaintiff and Kellogg’s List or its agent. In this cause the complaint is demurrable.
I have already held, in the case of this same plaintiff against the American Newspaper Union and others, that the omission to make the original co-incorporations defendant is no valid objection.
It is alleged to be a corporation. As such it was the representative of its incorporators in the action.
And for this reason I think it was improper to make the defendant, The New York Newspaper Union, a party defendant.
The allegation is, that the several corporations named constituted the “American Newspaper Union,” of which Foster was agent.
In that view, the redress of the plaintiff is in the first instance against that corporation. No cause of action is therefore stated against the New York Newspaper Union upon which the plaintiff could recover in this action.
There should be judgment in favor of the defendant demurring, with liberty to plaintiff to amend upon payment of costs.